IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDDIE L. RAINEY         )
                        )
        Plaintiff,      )
                        )
v.                      )   No. 12 C 9561
                        )
LIPARI FOODS, INC. et al., )
                        )
        Defendants.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Eddie L. Rainey (Rainey) alleges that on May 9, 2009, he sought employment as a driver at Defendant Lipari Foods, Inc. (LFI) at a one-day open house (Open House). Rainey contends that he passed the driver's proficiency test and met all the state requirements. Rainey indicates that he believes that Defendants discriminated against him because of his age and race because LFI chose to hire two Hispanic men and two Caucasian men (collectively referred to as "Chosen Candidates") who were younger than Rainey. (CA Compl. 2). Rainey also contends

1

that he inquired about why he was not hired and received what he perceived to be a threatening letter (Letter). More than three years later, Rainey decided to bring the instant action.

Rainey brought the instant action against LFI and Defendant Thom Lipari (Lipari), who is allegedly the President and CEO of LFI. Rainey includes in his *pro se* corrected amended complaint claims alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, claims alleging race discrimination in violation of 42 U.S.C. § 1981 (Section 1981), and claims alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Claims Brought Against Lipari

Defendants argue that Rainey has failed to allege facts that would suggest that Lipari could be individually liable.

A. Title VII and ADEA Claims Brought Against Lipari

Defendants argue that Lipari is not subject to individual liability under Title VII or the ADEA. Title VII provides a remedy "only against the employer as an entity rather than against individual people who are agents of the employer." *Smith*

*v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012); *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995)(indicating that there is no individual liability under Title VII). The ADEA has also been deemed to provide a remedy only against an employer, and not against individuals acting on behalf of the employer. *Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001)(stating that the Court has "suggested that there is no individual liability under the ADEA"); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995)(indicating that there is no individual liability under the ADEA). Rainey alleges that LPI is incorporated and that Lipari serves as the President and CEO of LPI. (CA Comp. 1). Rainey does not allege that Lipari is his employer. Rainey has thus failed to allege facts to suggest personal liability by Lipari under Title VII or the ADEA, and the motion to dismiss the Title VII and the ADEA claims brought against Lipari is granted.

### B. Section 1981 Claim

Defendants argue that Rainey has not alleged facts that suggest that Lipari is individually liable under Section 1981. Individuals may be liable under Section 1981 for discrimination. *Smith*, 681 F.3d at 896 n.2. However, an individual can only be held liable in the employment discrimination context if the individual had some personal involvement in the discrimination. *Sims v. Trinity Services, Inc.*, 2013 WL 3270665, at *3 (N.D. Ill. 2013). In the instant action, Rainey alleges nothing more than that Lipari is the President and CEO of LPI. (CA Compl. 1).

4

Rainey does not allege that Lipari was involved in any way in the decision to hire other drivers instead of Rainey. Rainey does not allege that Lipari had ever met Rainey or was aware of any of Rainey's protected characteristics. It is not plausible to suggest that the President and CEO would have taken an active part in the hiring of drivers at an open house. Thus, Rainey has failed to allege facts that suggest individual liability under Section 1981 and Defendants' motion to dismiss the Section 1981 claim brought against Lipari is granted.

## II. Discrimination Claims Brought against LPI

Defendants argue that Rainey has failed to allege facts to support a Title VII, Section 1981, or ADEA discrimination claim against LPI. Title VII and Section 1981 prohibit employers from discriminating against individuals based on their race when making hiring decisions. 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; *see also Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005)(explaining that "Section 1981 prohibits, among other things, an employer from discriminating against a job applicant on the basis of the applicant's race"). The ADEA prohibits employers from discriminating against certain protected individuals based on their age when making hiring decisions. 29 U.S.C. § 623.

### A. Lack of Facts Indicating Unlawful Discrimination

In the instant action, Rainey alleges that he applied for a driver position, that

5

he "met all of the Defendant's stated requirements," and that he "took and passed the Defendant's (driver's proficiency) road test." (CA Compl. 1). Rainey's own pleadings include exhibits that indicate that, for the few open driver positions, there were more than 300 applicants at the Open House along with Rainey. (CA Compl. 18). The mere fact that Rainey alleges that he qualified for the driver position and he was not chosen for a driver position out of the more than 300 applicants does not in any way suggest unlawful discrimination. Nor does the fact, even if true, that certain candidates who were selected were not of the same race or age range as Rainey suggest unlawful discrimination. More compelling facts must be present in a case to meet even the plausibility burden at the motion to dismiss stage. Nor would judicial economy be served if employment discrimination cases such as this were to proceed through discovery based on nothing more than allegations that an employer chose someone other than the plaintiff.

Rainey also appears to argue that there was some irregularity in the hiring decision-making process, contending that he should have been hired because "[h]e was the second to arrive for the" Open House and "the second to complete his Application of Employment." (CA Compl. 5). However, as Rainey himself alleges, LPI was offering an open house on May 9, 2009, (CA Compl. 3), meaning that LPI was giving an opportunity for all interested candidates to apply for the driver positions that day. Rainey alleges no facts that would suggest that LPI had intended to hire the first candidates that showed up at the Open House and end the Open

House at that point.

The court also notes that although the exclusive focus of the instant motion to dismiss are the sufficiency of the pleadings, which must be accepted as true at this juncture, and Rainey alleges in his corrected amended complaint that two of the Chosen Candidates were Hispanic and two of the Chosen Candidates were Caucasian, Rainey in his response to the motion to dismiss has attached a chart which contains information that is not disputed by Rainey. The chart shows that two of the four Chosen Candidates were Hispanic, and the other two were African-American, the same race as Rainey. (Ans. Dis. 16). The chart also shows that two of the four Chosen Candidates were over 40 years old. (Ans. Dis. 16).

B. Whether Chosen Candidates were Qualified

Rainey also contends that the two Hispanic Chosen Candidates were not qualified for a driver position. However, Rainey's allegations are premised on wild unfounded inferences that are not supported by his own pleadings. Rainey argues, for example, that based on his review of the employment applications of the two Hispanic Chosen Candidates, neither of them are able to read or write the English language, which Rainey contends is a requirement for a driver position. (Ans. Dis. 4, 6, 9-10); (CA Compl. 10-11). Such employment applications are attached to Rainey's corrected amended complaint as an exhibit. (CA Compl. 30-37). Rainey points out that one of the Hispanic Chosen Candidates did not write a date on the

portion of his employment application provided to list an available starting date, and instead wrote "ASAP." (Ans. Dis. 6)(CA Compl. 6, 30). Rainey also points out that the Chosen Candidate did not write a dollar figure on the portion of the employment application provided to list a minimum desired starting salary, and instead wrote "OPEN." (Ans. Dis. 6); (CA Compl. 6, 30). Rainey makes a wild allegation that such entries by the Chosen Candidate show that he is unable to read the English language. Such responses, however, are typical shorthand responses on any employment application and do not in any way show a lack of understanding of the English language as suggested by Rainey. Rainey also offers a variety of other criticisms as to how the employment applications were completed by the Hispanic Chosen Candidates. However, the mere fact that Rainey believes that the employment applications could have been completed differently does not suggest the selected candidates did not meet the qualifications for a driver position.

Rainey also argues that a qualification for a driver position is the ability to "read . . . the English language sufficiently . . . to understand highway traffic signs. . . ." (Ans. Dis. 4). Rainey contends that he has evidence that one of the Hispanic Chosen Candidates received a moving violation for not stopping at a stop sign. Rainey claims that such evidence shows that the individual is unable to read the English word "STOP." (Ans. Dis. 4, 6, 10). The mere fact that a person receives a traffic violation for not abiding by the conditions set forth on a traffic sign does not suggest that the person is illiterate and unable to read the English language on the

road sign. Rainey must offer facts that create more than a theoretical possibility of other facts to meet the plausibility standard and he has failed to do so. Rainey's allegations are attacks on other candidates as opposed to presenting plausible facts showing that he himself was discriminated against.

Even when liberally construing the *pro se* corrected amended complaint, and construing all the allegations in a manner most favorable to Rainey, his own pleadings do not suggest discrimination in violation of Title VII, Section 1981, or the ADEA. Therefore, Defendants' motion to dismiss the Title VII, Section 1981, and ADEA discrimination claims brought against LFI is granted.

III. Other Claims

The court notes that in his corrected amended complaint, Rainey makes reference to the Letter, which he contends was threatening and intended to intimidate him so he would not pursue legal action against LPI. (CA Compl. 4). Such a Letter could be potentially construed to relate to a retaliation claim. Rainey did not list retaliation claims in his charge before the Equal Employment Opportunity Commission (EEOC). (CA Compl. 14). Rainey also makes cursory references to a variety of other federal statutes such as the "Rehabilitation Act" and the "Witness Tampering" Act, which could be construed as an intent to pursue claims based on such statutes. (CA Compl. 3). Rainey did not reference such other claims in his EEOC Charge. (CA Compl. 14). To the extent that Rainey is seeking

to pursue any of the above-referenced claims, he has failed to allege sufficient facts to support such claims. In addition, the court notes that based on Rainey's response to Defendants' motion to dismiss, in which Rainey addresses only discrimination claims brought under Title VII, Section 1981, and the ADEA, it appears that Rainey did not intend to pursue any such claims in any event.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 20, 2014